**DRAPER, et al., Appellants, v. PERRY, et al., Appellees.**

Ohio Appeals, First District, Hamilton County.

Nos. 6518 & 6519. Decided July 2, 1945.

Harry F. R. Dolan, Walter A. Briggs, and Ray Hicks, Cincinnati, for Elsie Draper and Catherine S. Walker.

Harry H. Baker, Cincinnati, and J. G. Williams, Cincinnati, for Dr. Frank Perry and Jessie Brown Perry.

## OPINION

PER CURIAM:

At the time this action was instituted, the defendants

were the bona fide owners of the real estate, the subject of this litigation. It was the claim of the plaintiffs that the grantor of the defendants' deeds was incompetent. They failed to establish this in the trial court and have again failed to establish it in this Court. The plaintiffs never had, therefore, any interest of any kind in the subject of this litigation. The appointment of the receiver was, therefore, in the nature of a wrongful attachment of the property of the defendants, and while the sums spent by the receiver in conserving the property may not be charged against the plaintiffs and should be allowed out of the sums collected by the receiver in the administration of such property, certainly, there can be no foundation for allowing the receiver compensation out of such receipts. His possession at all times was a violation of the rights of the defendants, who at all times were entitled to the undisturbed possession of such real estate.

The authorities relied on by the plaintiffs to sustain their contention that the compensation of the receiver should be paid out of receipts from the property do not do so, and are easily distinguished upon the facts involved.

The case of **Richey, et al. v Brett, Receiver, 112 Oh St 582,** cited by the plaintiffs is an authority for the defendants, for, at page **587** of the opinion, it is stated:

"Cases are found among the authorities holding that, where the corpus is not available, and there has been an irregular or unauthorized appointment of a receiver, or where a party has received benefits from the receivership in excess of the amount required to be paid, or where an action has unjustly been maintained without right, in all such instances the plaintiffs in the action may be held personally responsible for deficiencies."

Certainly, the instant action was maintained without right.

The judgment of the Court of Common Pleas, in so far as it permits the assessment of the receiver's compensation against the receipts from the administration of the property involved, is erroneous, and should be modified to provide that such compensation shall be assessed as other costs against the plaintiffs. As so modified, such judgment is affirmed.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur.